IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AT ERIE

JEFF SWAFFORD,
        Plaintiff

vs.

MR. GREENFIELD, ET AL:,
        Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1:25-CV-218

RICHARD A. LANZILLO
Chief United States Magistrate Judge

MEMORANDUM ORDER STRIKING
AMENDED COMPLAINT AND
ORDERING RESPONSE

**IN RE: ECF NO.** 36

Plaintiff Jeff Swafford ("Plaintiff") has filed a document styled as an
Amended Complaint. (ECF No. 36). The Court has reviewed it and finds that it
does not comply with Federal Rule of Civil Procedure 8(a) or the pleading
requirements explained below. For example: it does not identify what each named
Defendant personally did, when the conduct occurred, or where it took place, and
instead consists largely of general accusations and conclusions. A pro se litigant
such as the Plaintiff must still follow the same procedural rules that apply to every
other litigant, even though the Court reads pro se filings generously. *See Mala v.
Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). A district court has the
authority to strike a pleading that is so unclear or deficient that it fails to satisfy
Rule 8(a)'s requirement of a short and plain statement, and to direct the plaintiff to
file a proper pleading in its place. *See Ala' Ad-Din Bey v. United States DOJ*, 457

1

Fed. Appx 90, 91 (3d Cir. Jan. 11, 2012) (per curiam) (affirming district court's dismissal).

Accordingly, Plaintiff's Amended Complaint (ECF No. 36) is STRICKEN from the docket. This is not a dismissal of Plaintiff's case. It simply means that the document Plaintiff filed does not count as his operative complaint, and Plaintiff is being given another opportunity to file one that does comply with the rules. The Court will explain below exactly what is required, and Plaintiff will have time to fix the problems before the Court rules on Defendant's pending motion to dismiss the original complaint. (ECF No. 27).

Going forward, Plaintiff may do one of the following:

1. **File an Amended Complaint** that complies with the requirements explained below; or 2. **File a Response in Opposition** to the motion to dismiss, arguing that the original complaint should not be dismissed and explaining why. Plaintiff cannot do both. If Plaintiff files a compliant Amended Complaint, it will replace the original complaint entirely, and Defendant's pending motion to dismiss will be addressed as moot once the new pleading is filed. *See West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (an amended complaint supersedes the original and renders it without legal effect). If Plaintiff instead chooses to oppose the motion, the case will continue on the original complaint as written, and the Court will decide whether it should be dismissed.

Deadline for Filing

2

Plaintiff must choose one of these two options and file it on or before JULY 9, 2026, which is twenty-one (21) days from the date of this Order. If Plaintiff does not file anything by that date, the Court will decide the motion to dismiss based on the original complaint alone, without the benefit of any response from Plaintiff. The Court advises Plaintiff that failure to file a compliant pleading or response by the deadline may result in dismissal of this action. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (a pro se litigant should be given notice and an opportunity to cure before a case is dismissed for failure to comply with the rules).

If Plaintiff Chooses to File an Amended Complaint

An Amended Complaint is a new, complete version of the complaint. It takes the place of the original complaint, so Plaintiff cannot simply add a page or refer back to what he already filed. The Amended Complaint must include everything Plaintiff wants the Court to consider, written out in full, even if some of it repeats what was in an earlier filing.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement showing that Plaintiff is entitled to relief. Plaintiff does not need to use legal language or cite cases. He should write in his own words, in numbered paragraphs if possible, and should try to answer the following questions for each claim he is making:

1.      Who did something to Plaintiff. Plaintiff should name each person he is suing (a "Defendant") and identify, as best he can, the specific person, not just a job

3

title or agency, unless he genuinely does not know the person's name (in which case he may use a placeholder like "John Doe, Corrections Officer on C-Block" until the name is learned).

2.    What that person did. Plaintiff should describe the specific actions each Defendant took or failed to take. General statements like "they violated my rights" are not enough by themselves; Plaintiff should describe what actually happened.

3.    When it happened. Plaintiff should include the date, or as close to the date as he can remember (for example, "in early March 2026" if he does not know the exact day).

4.    Where it happened. Plaintiff should identify the location, such as the facility, housing unit, or other specific place.

5.    Why Plaintiff believes this conduct was wrong. Plaintiff should explain why he believes what happened violated his rights (for example, that he was denied medical care, that he was punished for filing a grievance, or that excessive force was used against him).  Plaintiff should also state, for each claim, what he wants the Court to do (this is called "relief"), such as money damages or some other remedy.

The Court will read Plaintiff's Amended Complaint generously because he is representing himself, and it does not need to be written the way a lawyer would write it. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the Amended Complaint still must contain enough specific facts, not just general accusations, to

allow the Court and Defendants to understand the claims being made. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff should label the document at the top "Amended Complaint" and should sign and date it at the end.

### If Plaintiff Chooses to File a Response in Opposition

If Plaintiff believes his original complaint is sufficient and wants the case to continue as filed, he may instead file a written response explaining why the motion to dismiss should be denied. Plaintiff should respond to the specific arguments Defendant has made and explain, in his own words, why he believes those arguments are wrong or why his complaint already addresses them. Plaintiff should label this document "Response in Opposition to Motion to Dismiss" and should sign and date it.

### O R D E R

The Clerk of Court is directed to STRIKE the Plaintiff's existing Amended Complaint (ECF No. 36) for a failure to comply with Rule 8(a). By JULY 9 2026, Plaintiff must file either: (1) an Amended Complaint that complies with the requirements above, or (2) a Response in Opposition explaining why the motion to dismiss should be denied. Plaintiff may not file both. Failure to file either document by the deadline may result in the Court deciding the motion to dismiss without further input from Plaintiff, which could result in dismissal of his case.

IT IS SO ORDERED THIS _16th_ DAY of JUNE, 2025.


BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES
MAGISTRATE JUDGE

6