IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| JEFF SWAFFORD, | ) | |
| | ) | |
| Plaintiff | ) | NO. 1:25-CV-00218 |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| MR. GREENFIELD, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION ON |
| Defendants | ) | DEFENDANTS GREENFIELD AND |
| | ) | FAIR'S MOTION TO DISMISS |
| | ) | AMENDED COMPLAINT |
| | ) | |
| | ) | ECF NO. 41 |
| | ) | |

Defendants Greenfield and Fair have moved to dismiss Plaintiff's second Amended Complaint under Fed. R. Civ. P. 12(b)(6). For the reasons explained below, the motion will be granted.[1]

I.   RELEVANT PROCEDURAL HISTORY

Plaintiff, Jeff Swafford ("Swafford"), a former inmate at the Crawford County Correctional Facility ("CCCF"), commenced this pro se civil rights action on July 14, 2025. ECF No. 1. Due to filing deficiencies, Swafford's Complaint was not filed until November 24, 2025. ECF No. 8. The Complaint named CCCF Warden Greenfield ("Greenfield"), CCCF Deputy Warden Fair ("Fair"), and Prime Care Medical as Defendants. Defendants Greenfield and Fair moved to dismiss the Complaint on

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings under 28 U.S.C. § 636(c).

April 27, 2026. *See* ECF Nos. 27, 28. On that same date, the Court dismissed this action as to Prime Care Medical based on Swafford's withdrawal of claims against it. *See* ECF No. 29.

On May 1, 2026, the Court ordered Swafford to file a response to Defendants Greenfield and Fair's motion to dismiss, or in the alternative, to file an amended complaint. *See* ECF No. 31. On May 11, 2026, Plaintiff filed a Motion for Leave to File an Amended Complaint. ECF No. 32. Swafford's motion stated that unidentified Crawford County Jail staff members, not Warden Greenfield or Deputy Fair, gave certain of his personal belongings to his sister without his consent. *Id.* On June 4, 2026, Swafford filed an Amended Complaint consisting of these four sentences:

> I, Jeff Swafford, am accusing the Crawford County Jail and staff, not specifically Warden Greenfield or Deputy Fair, for handing out my personal belongings (apartment keys) without my consent. They violated my rights as a prisoner, by breaking there (sic) own rule. These actions subsequently left me homeless, living in a homeless shelter. I don't know how to amend this complaint any further.

ECF No. 36.

On June 25, 2026, Swafford filed a second Amended Complaint, alleging as follows:

> 1. On or about the last 2 weeks of March, 2023, or the first 2 weeks of April, 2023, (I don't know the exact date) a correction officer at the Crawford County Jail, I will call "John Doe," because I truly don't know the identity of this man, because I was incarcerated. This said "John Doe", willingly did give out my personal property (a set of my apartment keys) without my consent.

2

2. These actions eventually led me to homelessness, after I got out of jail. I ended up in St. James Home. It iis a homeless shelter in Meadville, PA

3. These actions violated my rights as a prisoner, by giving out my personal belongings without my consent. They, meaning, Crawford County Jail, broke there (sic) own rule

4. I am suing Crawford County Jail for Fifty Thousand Dollars total.

ECF No. 38.

Defendants Greenfield and Fair have moved to dismiss the second Amended Complaint. ECF No. 41. They argue that the second Amended Complaint, like the original Complaint and first Amended Complaint, fails to state a claim under any theory of liability against either Defendant. ECF No. 42. The Court agrees and will therefore dismiss the second Amended Complaint. Furthermore, because any further attempt by Swafford to amend would be futile, the Court will dismiss this action with prejudice.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). As with the prior motions to dismiss, in deciding the instant motion, the Court accepts as true the Amended Complaint's factual allegations and examines them in a light most favorable to Swafford. *See id.*; *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). But the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual

allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004); *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009). In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1216, pp. 235–36 (3d ed. 2004)); *see also Iqbal*, 556 U.S. at 678. Thus, a complaint should only be dismissed under Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Finally, because Swafford is proceeding *pro se*, his second Amended Complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the Court can reasonably read his Amended Complaint to state a valid claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *U.S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969).

III.    DISCUSSION AND ANALYSIS

To support a claim under 42 U.S.C. §1983, a plaintiff must allege facts to support that each defendant, while acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995); *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Hum. Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 104 (3d Cir. 2014)).

Swafford alleges that an unnamed staff member at CCCF (not Greenfield or Fair) gave his apartment keys to an unauthorized third party. ECF No. 38, ¶1. Without explanation, he further alleges that this action left him homeless and living in a homeless shelter. *Id.*, ¶2. As a threshold matter, these allegations fail to support the deprivation of any right secured by the Constitution or other federal law. *See Spencer v. Bush*, 543 Fed. Appx. 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 Fed. Appx. 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).

Because Swafford has a state law remedy for his lost property under state conversion or replevin law or the Pennsylvania Tort Claims Act, any Fourteenth Amendment due process claim is foreclosed.[2]

Furthermore, Swafford's allegations at best support an inference that an unnamed prison staff member negligently or intentionally released his apartment keys. Such conduct does not support a violation of the Constitution under any substantive theory. *See Daniels v. Williams*, 474 U.S. 327 (1986) (negligence of federal agents resulting in property loss to plaintiff not constitutional deprivation). Any potential constitutional claim also fails because the causal connection between the alleged unauthorized release of Swafford's keys and his later homelessness is too attenuated to support a viable claim under any federal theory of liability. *See e.g., Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397 (1997) (plaintiff must show that the defendant "through its deliberate conduct... was 'moving force' behind injury alleged"); *Woods v. Philadelphia Hous. Auth.*, No. CV 24-0058, 2026 WL 883810, at *5 (E.D. Pa. Mar. 31, 2026) ("Allegations fail the 'fairly direct' element if they are 'too attenuated' to show a 'direct causal connection' between the action and the harm.").

In addition to failing to support a deprivation of a right secured under federal law, the second Amended Complaint also fails to support the personal involvement of Greenfield or Fair. Under § 1983, the plaintiff must allege facts to demonstrate the

---

[2] To the extent Swafford may have a claim under Pennsylvania state law, the Court declines to exercise supplemental jurisdiction over such claim.

6

personal involvement of each named defendant in the alleged constitutional deprivation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The facts alleged must show that each defendant's own conduct—not the conduct of others—caused or contributed to the constitutional harm. *Rode*, 845 F.2d at 1207. A supervisor's liability under § 1983 cannot be based on his title or position alone. *S.A. v. Pennsylvania Dep't of Corr.*, No. 1:24-CV-00343-SPB-RAL, 2025 WL 4303808, at *4 (W.D. Pa. Oct. 21, 2025), *report and recommendation adopted*, No. CV 24-343, 2026 WL 465743 (W.D. Pa. Feb. 18, 2026). Although a supervisor's liability may arise from his adoption of a policy that caused the plaintiff's constitutional harm or his knowledge of and acquiescence in a subordinate's misconduct, *id.*, Swafford has alleged no facts to support either theory of liability against Greenfield or Fair. In fact, his second Amended Complaint specifically alleges that the unnamed CCCF staff member who released his keys did so contrary to prison policy and rules.

## IV.    CONCLUSION

Because Swafford's second Amended Complaint fails to allege facts to support a violation of the Constitution or other federal law or the personal involvement of either Defendant, the Court will grant Defendants Greenfield and Fair's motion to dismiss (ECF No. 41). Furthermore, based on his repeated failure to allege a viable claim against Greenfield and Fair, his acknowledgment that neither participated in the unauthorized release of his apartment keys, and because the facts alleged and his submissions demonstrate that any further attempt to amend his pleading to state a

claim would be futile, the Court will dismiss this action with prejudice. A separate order will follow.

Dated this 4th day of August, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE